In the Matter of FRANCIS ABELE et al., Respondents, v. AMSTERDAM HOUSING AUTHORITY et al., Appellants, and AMSTERDAM CIVIL SERVICE COMMISSION, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered June 6, 1973 in Montgomery County, which enjoined the further payment of compensation to appellant Gill as an employee of the appellant Authority and declared the position held by Gill to be classified in the competitive position. Upon a prior appeal (*Abele* v. *Amsterdam Housing Auth.*, 40 A D 2d 1054), we set forth the nature of the case and remitted for further proof as to whether or not the job description of appellant Gill's position would be that of "executive director" and, therefore, exempt from competitive examination and appointment. Special Term held further hearings

at which it was established that, as of the time of classification of the position by the respondent Amsterdam Civil Service Commission, there were no specifications available for the position of Executive Director or Secretary of a housing authority either in the State Civil Service Department or in the local commission. Upon remittal, this court noted that it had been held in *Matter of Driscoll* v. *Troy Housing Auth.* (6 N Y 2d 513) that the term "secretary" as used in section 32 of the Public Housing Law was equivalent to the connotation of the title "executive director". Although in 1959, the Court of Appeals in the *Driscoll* case expressly noted the housing authorities had the authority to determine the duties of the office, a representative of the State Civil Service Department testified in substance at the further hearing that it was the position of his department that the office should not have complete management duties and that, as a matter of policy, it felt the manager should be in the competitive class. It is certain that the direct legislative command that housing authorities are entitled to a "secretary" or "executive director" with such duties as the housing authorities might deem fit to assign in the exempt class is being indirectly thwarted by the State Civil Service Department in its role of adviser to local Civil Service Commissions in regard to job specifications and classifications. The record establishes that the Amsterdam Civil Service Commission relied solely upon the single specifications provided by the State Civil Service Department for the title of Housing Manager and for that sole reason placed the job in the competitive class. As a matter of law, the appellant Housing Authority was entitled to appoint one Executive Director in the exempt class and to determine his duties (*Matter of Driscoll* v. *Troy Housing Auth., supra*). Under the present circumstances, the Amsterdam Civil Service Commission had no authority to classify the position as other than exempt and Special Term should not interfere with the factually established intent of the Amsterdam Housing Authority to exercise its statutory power. Judgment reversed, on the law and the facts, with costs and petition dismissed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.